**SUPERIOR COURT**
OF THE
**STATE OF DELAWARE**

VIVIAN L. MEDINILLA
JUDGE

LEONARD L. WILLIAMS JUSTICE CENTER
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DE 19801-3733
TELEPHONE (302) 255-0626

October 25, 2018

John S. Taylor, Esquire
Department of Justice
820 North French Street
Wilmington, DE 19801

Andrew J. Witherell, Esquire
Law Office of A. Dale Bowers, P.A.
203 Maryland Avenue
Wilmington, DE 19808

> **Re:** *State of Delaware v. Larus Brown*
> **I.D. No. 1703021437**

Dear Counsel:

This is the Court's ruling on Defendant's Motion to Suppress ("Motion") in the above-captioned case. For the reasons stated below, Defendant's Motion is **DENIED.**

### *Factual and Procedural Background[1]*

On March 30, 2017 at approximately 7:00 a.m., Officers Rodriguez and Vasquez of the Wilmington Police Department were patrolling a high-crime area in their marked vehicle when they observed Defendant Larus Brown ("Defendant") walking along the sidewalk toward a grocery store known as M&A Market located on the corner of 10th and Bennet Streets.[2] Within seconds after he entered the store, the officers observed Defendant being forcibly escorted out by the owner.[3] The

---

[1] This recitation is provided from the evidence presented at the suppression hearing on August 30, 2018, the written pleadings, and the subsequent submissions from both the State and Defendant.

[2] State's Resp. to Def.'s Mot. to Suppress Evidence, Letter Memorandum at 1 [hereinafter "State's Resp."].

owner, Ahmed Ahmed-Baba, known to the officers as "Ben" was visibly upset and told police that Defendant had been banned from the store for prior stealing incidents.[4] The owner asked the officers for assistance to make sure Defendant did not return.[5]

Officer Rodriguez made contact with Defendant and, after she first asked if she could speak to him, she asked if he had any weapons. Defendant said "no."[6] Officer Rodriguez testified that because of the high-crime area—for officer safety—she asked if she could check for weapons and Defendant agreed to be patted down.[7] Defendant was directed to the police vehicle, where his hands were placed on top of the car and he was asked to spread his feet apart.[8] Defendant was searched and a firearm was found along with marijuana.[9] A video captured the incident.[10] No crime was processed or prosecuted related to the incident with the store.[11]

Defendant is charged with Possession of a Deadly Weapon while Possessing a Controlled Substance, Possession of a Firearm and Ammunition by a Person Prohibited, Possession of a Firearm by a Person Prohibited, Possession of Marijuana, and Carrying a Concealed Deadly Weapon. On May 22, 2018, Defendant moved to suppress the evidence and argues that the state action by the officers amounted to an illegal seizure in violation his constitutional rights. A suppression hearing was held on August 30, 2018. Thereafter, Defendant submitted additional authority for the Court's consideration.

The Court made a follow-up inquiry on September 12, 2018. Both the State and Defendant responded to the Court by October 2, 2018. Although neither side addressed the issue of whether there was actual probable cause to arrest, this Court asked counsel to take a position regarding whether the officers had probable cause to believe that Defendant had committed the crime of Criminal Trespass in the Third Degree. The State responded in the affirmative that there was sufficient probable cause; Defendant maintained there was neither probable cause nor reasonable grounds to believe that a crime had been committed, but concedes that there was at

---

[3] State's Resp. at 1.
[4] *Id.*
[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] State's Resp. at 1.
[9] *Id.*
[10] *Id.*
[11] Def.'s Mot. to Suppress Evidence ¶ 2.

least a reasonable suspicion standard that would permit a stop and invoke 11 *Del. C.* § 1902.[12]  Having considered the supplemental positions of both sides, the matter is ripe for consideration.

### *Discussion*

Under Delaware law, Criminal Trespass in the Third Degree occurs when "the person knowingly enters or remains unlawfully upon real property."[13]  Although not initially before the Court, I highlight that at least *objectively*, it appears that the officers' eyewitness observations establish sufficient probable cause to believe that Defendant had committed the offense of Criminal Trespass Third Degree. Alternatively, as the issue initially presented to this Court was not one of probable cause, this Court finds the search of Defendant was conducted pursuant to valid consent.

First, Officer Rodriguez testified that she and her partner observed Defendant enter the store only to be immediately and forcibly escorted out by the store's owner, an individual they knew by name who was requesting police involvement and assistance.  They also knew him as the owner of the property who was seeking to have Defendant removed from the store.  The owner also established that Defendant was not allowed to be on the property, having been banned for past criminal conduct (i.e., shoplifting or theft).  On these facts, it appears there was sufficient probable cause to believe Defendant had committed the offense of Criminal Trespass Third Degree, and the arrest was valid.  The police action thereafter was a search incident to the arrest, and the firearm was properly seized as inevitable discovery.  Accepting Defendant's argument that there was no probable cause, his core argument that he was illegally seized is without merit.

Under the United States Constitution and the Delaware Constitution, persons have the right to be secure from unreasonable searches and seizures.[14]  Further, the Delaware Constitution states that "no warrant to search any place, or to seize any person or thing, shall issue without describing them as particularly as may be; nor then, unless there be probable cause supported by oath or affirmation."[15]  "Searches and seizures are per se unconstitutional, in the absence of exigent circumstances,

---

[12] *See* Def.'s Suppl. Br. at 1 (Oct. 2, 2018).
[13] 11 *Del. C.* § 821.
[14] U.S. CONST. amend. IV; DEL. CONST. art. I, § 6.
[15] DEL. CONST. art. I, § 6.

unless authorized by a warrant supported by probable cause.[16] One exception to the warrant requirement is valid consent to a search.[17] The State argues there was a valid consent here. Valid consent to a search must be freely and voluntarily given.[18] Further, the State has the burden of proving that consent was "freely and voluntarily given."[19] The Court determines whether consent was voluntary by examining the totality of the circumstances.[20] A seizure occurs when "a reasonable person would have believed that he was not free to leave."[21] Under Delaware law, an officer is "permitted to initiate contact with citizens on the street for the purpose of asking questions."[22] When determining whether there was a stop, a factor to consider is "whether a police officer has engaged in 'conduct that would communicate to a reasonable person that he or she was not free to ignore the police presence.'"[23]

Here, the Court considered the versions offered by both Officer Rodriguez and Defendant regarding their exchange, and reviewed the video entered into evidence. Although Defendant testified somewhat inconsistently that he recalled varied versions of the event, the video captures a very brief exchange consistent with the version offered by Officer Rodriguez. The police conduct in this case was appropriate under the totality of the circumstances and there is no indication that she demonstrated a show of force nor was Defendant illegally detained to rise to the level of a seizure. This Court finds that the State has met its burden of proving that Defendant freely and voluntarily provided consent for the search and that both the search and seizure were therefore valid. For the reasons stated, Defendant's Motion to Suppress is **DENIED**.

**IT IS SO ORDERED.**

Judge Vivian L. Medinilla

---

[16] *Hannah v. State*, 591 A.2d 158, 162 (Del. 1991) (citing *State v. Poli*, 390 A.2d 415, 418 (Del. 1978); *Schramm v. State*, 366 A.2d 1185, 1189 (Del. 1976)).

[17] *Schneckloth v. Bustamonte*, 412 U.S. 218, 222 (1973); *Cooke v. State*, 977 A.2d 803, 855 (Del. 2009).

[18] *Schneckloth*, 412 U.S. at 222.

[19] *Id.* (quoting *Bumper v. North Carolina*, 391 U.S. 543, 548 (1968)).

[20] *Cooke*, 977 A.2d at 855 (citing *Schneckloth*, 412 U.S. at 226).

[21] *Jones v. State*, 745 A.2d 856, 862 (Del. 1999) (quoting *INS v. Delgado*, 466 U.S. 210 (1984)).

[22] *Lopez-Vazquez v. State*, 956 A.2d 1280, 1286 n. 5 (Del. 2008) (quoting *Woody v. State*, 765 A.2d 1257, 1263 n. 3 (Del. 2001)).

[23] *Id.* at 1286 n. 6 (quoting *State v. Rollins*, 922 A.2d 379, 383 (Del. 2007)).

oc:   Prothonotary
cc:   Defendant
       Office of Investigative Services